**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| EIGHTH DISTRICT ELECTRICAL PENSION FUND; <br><br> JAMES MANTELE, as Chairman of the Delinquency Committee for the EIGHTH DISTRICT ELECTRICAL PENSION FUND, <br><br>  Plaintiffs, <br><br> v. <br><br> CAMPBELL ELECTRIC, INC., <br><br>  Defendant. | Case No. 1:16-cv-3040 |

## COMPLAINT

COMES NOW Plaintiffs, by and through undersigned counsel, and for their cause of action against Defendant Campbell Electric, state as follows:

### NATURE OF CASE

1. This is an action brought pursuant to §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§ 1381 *et seq.*, to collect withdrawal liability owed to a multi-employer pension plan.

### PARTIES

2. Plaintiff Eighth District Electrical Pension Fund (hereinafter "the Pension Fund" or "the Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2821 South Parker Road, Suite 215, Aurora, Colorado. Plaintiff Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. §

1

1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

3. Plaintiff James Mantele (hereinafter "Mantele") is a fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

4. By information and belief, Defendant Campbell Electric, Inc. (hereinafter "Campbell Electric") is a corporation organized under and existing by virtue of the laws of the State of Idaho. Campbell Electric is an "employer" within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

5. The Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

6. Because the Pension Fund is administered in the District of Colorado, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

7. Campbell Electric was a party to a collective bargaining agreement with the International Brotherhood of Electrical Workers (hereinafter "Union") and/or affiliate local unions of the Union.

8. The Pension Fund is established and operated pursuant to a written agreement and/or declaration of trust. This agreement and/or declaration of trust is incorporated by reference into and is a material part of the collective bargaining agreement(s) between Campbell Electric and the Union and/or its affiliate local unions.

9. The collective bargaining agreement(s) between the Union and Campbell Electric required that Campbell Electric make contributions on behalf of its employees to the Pension Fund.

10. Campbell Electric permanently ceased to have an obligation to contribute to the Pension Fund and/or ceased all covered operations in 2015. This resulted in Campbell Electric's complete withdrawal from the Pension Fund within the meaning of Section 4203(a) of the MPPAA, 29 U.S.C. § 1383(a).

11. As a result of Campbell Electric's complete withdrawal, Campbell Electric has incurred and the Pension Fund has assessed withdrawal liability against Campbell Electric.

12. By letter dated January 13, 2016, the Pension Fund advised Campbell Electric of its withdrawal liability in the amount of $35,287.76. The Pension Fund's letter provided a payment schedule and demanded payment in accordance with the payment schedule. Under the payment schedule established by the Pension Fund, the first payment was due within sixty (60) days of the date of the demand letter. A true and correct copy of the Pension Fund's demand letter of January 13, 2016 is attached hereto as Exhibit A.

13. By e-mail sent on February 4, 2016, Campbell Electric responded to the Fund's demand letter dated January 13, 2016, indicating that it received the Fund's demand letter and requesting additional information.

14. By letter dated February 23, 2016, counsel for the Pension Fund responded to Campbell Electric's request for information, seeking clarification of what documents and information Campbell Electric requested. In the February 23, 2016 letter, the Pension Fund attached its January 13, 2016 demand letter, again advising Campbell Electric of its withdrawal liability in the amount of $35,287.76. A true and correct copy of the Pension Fund's letter dated February 23, 2016 is attached as Exhibit B.

15. By letter dated March 9, 2016, Campbell Electric responded to the Pension Fund's February 23, 2016 letter, stating that the contributions figures used in Column 5 of the actuary's calculation of withdrawal liability did not match his own figures from his own reports.

16. By letter dated April 6, 2016, the Pension Fund responded to Campbell Electric's March 9, 2016 letter, stating that the Fund confirmed the employer contribution numbers contained in Column 5 of the actuary's calculation of withdrawal liability. Further, the Pension Fund advised Campbell Electric that it could submit additional information concerning the specific contributions Campbell Electric contended was in error in the actuary's withdrawal liability determination. Further, the April 6, 2016 letter advised Campbell Electric that it was obligated to make its withdrawal liability payments even if it disputed the withdrawal liability calculation. Finally, the April 6, 2016 letter again advised Campbell Electric of its withdrawal liability in the amount of $35,287.76 and further demanded that Campbell Electric cure its failure to begin making the payments as set forth in the payment schedule contained in the Pension Fund's January 13, 2016 demand letter. A true and correct copy of the Pension Fund's April 6, 2016 letter is attached as Exhibit C.

17. On April 13, 2016, Campbell Electric responded to the Pension Fund, again insisting that the employer contribution figures used in the actuary's calculation of withdrawal liability were incorrect. Campbell Electric further provided a copy of the actuary's withdrawal liability calculation sheet and changed the employer contribution figures in Column 5 and the calculation to show that Campbell Electric did not owe withdrawal liability.

18. On May 18, 2016, the Pension Fund responded to Campbell Electric, again confirming the numbers used in the actuary's calculation of withdrawal liability and affirming the assessment of withdrawal liability in the amount of $35,287.76. The Pension Fund again

demanded Campbell Electric cure its failure to begin making withdrawal liability payments in accordance with the payment schedule set forth in the January 13, 2016 demand letter. A true and correct copy of the Pension Fund's May 18, 2016 letter is attached as Exhibit D.

19.     Thereafter, the Pension Fund received a $5,000.00 payment from Campbell Electric on June 13, 2016.

20.     The Pension Fund sent a letter to Campbell Electric on June 14, 2016, stating that the total amount of the first payment owed according to the payment schedule contained in the January 13, 2016 demand letter was $8,057.34 and demanding that Campbell Electric remit the remaining balance of the first quarterly payment in the total amount of $3,057.34. A true and correct copy of the Pension Fund's June 14, 2016 letter is attached as Exhibit E.

21.     Thereafter, on June 23, 2016, the Pension Fund received the balance of the first quarterly payment under the payment schedule set forth in the Pension Fund's January 13, 2016 letter in the amount of $3,057.34.

22.     On June 13, 2016, counsel for Campbell Electric sent a letter to the Pension Fund again requesting the Pension Fund to review the employer contributions used in calculating withdrawal liability.

23.     On August 11, 2016, the Pension Fund responded to the June 13, 2016 letter from Campbell Electric's attorney and stated that the Pension fund considered Campbell Electric's March 9, 2016 correspondence as a request for review. The letter further provided, "As previously indicated to Campbell Electric in the April 6, 2016 letter, the Fund confirmed the numbers used by the actuary in calculating the withdrawal liability assessed to Campbell Electric. Your letter is another request for the Fund to review the contribution history contained in the actuary's withdrawal liability determination chart. Because no arbitration was initiated

5

contesting the withdrawal liability within sixty (60) days from the date of the Fund's April 6, 2016 letter, Campbell Electric is liable for the entire withdrawal liability assessment in the amount of $35,287.76. Further, the time period for requesting arbitration is closed." A true and correct copy of the Pension Fund's August 11, 2016 letter is attached as Exhibit F.

24. On September 8, 2016, counsel for Campbell Electric sent a letter to the Pension Fund purporting to initiate arbitration. This attempt to initiate arbitration was out of time pursuant to Section 4221(a)(1) of the MPPAA, 29 U.S.C. § 1401(a)(1).

25. To date, Campbell Electric has not taken any further steps regarding its purported initiation of arbitration. Thus, no arbitration proceeding has been initiated within the time period required under Section 4221(a)(1) of the MPPAA, 29 U.S.C. § 1401(a)(1).

26. To date, Campbell Electric has only remitted two payments totaling $8,057.34. Campbell Electric has not remitted any further payments to the Pension Fund as set forth under the withdrawal liability schedule set forth in the Pension Fund's January 13, 2016 demand letter.

27. By failing to make its scheduled payments as demanded by the Pension Fund, Campbell Electric is in default on the remaining balance of the withdrawal liability in the amount of $27,230.42. As such, the Pension Fund is entitled to require immediate payment of the remaining principal balance in the amount of $27,230.42, plus the accrued interest on the total outstanding liability from the due date of the last payment which was not timely made by Campbell Electric.

28. Pursuant to Section 4301(b) of the MPPAA, 29 U.S.C. § 1451(b), an employer's failure to make any withdrawal liability payment within the time period prescribed is to be treated in the same manner as a delinquent contribution Section 515 of ERISA, 29 U.S.C. § 1145. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Campbell Electric's

failure to make its scheduled withdrawal liability payments entitles the Pension Fund to recover the delinquent withdrawal liability amount, interest, liquidated damages, attorneys' fees, and costs.

29.     Pursuant to the Pension Fund's Trust Agreement and policies and procedures adopted in accordance therewith, the Pension Fund assesses liquidated damages at the rate of ten percent (10%) upon any delinquent contributions owed to the Pension Fund. Accordingly, Campbell Electric is liable for liquidated damages in the amount of $2,723.04 upon its delinquent withdrawal liability.

30.     Pursuant to the Pension Fund's Trust Agreement and policies and procedures adopted in accordance therewith, the Pension Fund assesses interest at the prime commercial rate plus two percentage points (prime rate + 2%) per annum upon the untimely and/or unpaid contributions and liquidated damages. The current prime commercial rate of interest is 3.5%. Therefore, at the prime plus 2% rate, the Pension Fund assesses interest at 5.5%. Accordingly, as of December 1, 2016, Campbell Electric is liable to the Pension Fund for interest in the amount of $377.20. Interest continues to accrue.

31.     In accordance with the MPPAA, 29 U.S.C. §§ 1381 et seq. and Section 515 of the ERISA, 29 U.S.C. § 1145, Campbell Electric is liable to the Pension Fund for the remaining balance of the withdrawal liability totaling $27,230.42; liquidated damages thereon in the amount of $2,723.04; interest through December 1, 2016 in the amount of $377.20; and additional interest at the rate of prime plus 2%, currently calculated at 5.5%, accruing through the date judgment is entered, as well as attorneys' fees and other collection costs.

WHEREFORE, Plaintiff Pension Fund prays that the Court enter an Order:

      i.      Finding that Defendant Campbell Electric is liable to the Pension Fund in the amount of Thirty Thousand Three Hundred Thirty and 66/100 Dollars ($30,330.66) (withdrawal liability, $27,230.42; liquidated damages, $2,723.04; interest, $377.20), plus any additional interest at the rate of prime plus two percentage points accruing through the date judgment is entered, and entering judgment against the Defendant and in favor of the Plaintiffs accordingly; and

      ii.      Awarding Plaintiff Pension Fund the costs of this action, including Plaintiff's reasonable attorneys' fees; and

      iii.      Granting Plaintiff Pension Fund such other relief that the Court deems just and proper, including additional interest that accrues during the pending of this action.

Respectfully submitted,

**BLAKE & UHLIG**

/s/ Carol A. Krstulic
Carol A. Krstulic
Jon R. Dedon
475 New Brotherhood Building
753 State Avenue
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396
*Attorneys for Plaintiffs*