**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-03040-CMA

EIGHTH DISTRICT ELECTRICAL PENSION FUND, and
JAMES MANTELE, a Chairman of the Delinquency Committee for the Eighth District Electrical Pension Fund,

    Plaintiffs,

v.

CAMPBELL ELECTRIC, INC.,

    Defendant.

---

**ORDER GRANTING AMENDED MOTION FOR DEFAULT JUDGMENT**
_____

This matter comes before the Court on Plaintiffs' Amended Motion for Default Judgment seeking an Order for Default Judgment against the Defendant Campbell Electric, Inc. pursuant to Federal Rules of Civil Procedure 55(b)(2) and D.C.COLO.LCivR 55.1.  (Doc. # 20 at 1.)  For the following reasons, the Court grants the motion.

**I.  Background**

On January 19, 2017, the clerk entered a default against Defendant Campbell Electric, Inc. (Doc. # 11).  Defendant Campbell Electric, Inc. has failed to file an answer to the complaint or otherwise appear in the action.

Plaintiffs are seeking to recover from Campbell Electric an assessment of withdrawal liability under ERISA as well as liquidated damages, interest, and attorney

fees and costs. (Doc. # 20.) The Plaintiffs initiated this litigation under §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1381, *et seq.* to collect monetary damages to remedy Campbell Electric's failure to make withdrawal liability payments to the Plaintiff Fund. (Doc. # 1 at 1.) The Plaintiffs are an employee benefit plan established and operated pursuant to the ERISA, 29 U.S.C. § 1001, *et seq.*, and the duly appointed and acting fiduciary of that Fund. (Doc. # 1 at 1-2.)

Defendant Campbell Electric is an Idaho corporation and an employer within the meaning of 29 U.S.C. § 1002(5). (Doc. # 1 at 2.) Defendant Campbell Electric was a party to a collective bargaining agreement with the International Brotherhood of Electrical Workers and/or affiliate local unions of the Union. (Doc. # 1 at 2; Doc. # 20-2 at 1.) The Pension Fund was established and operated pursuant to a written agreement and/or declaration of trust. (Doc. # 1 at 2; Doc. # 20-2 at 1.) This agreement and/or declaration of trust was incorporated by reference into and was a material part of the collective bargain agreement(s) between Campbell Electric and the Union and/or its affiliate local unions. (*Id.*)

The collective bargaining agreement(s) between the Union and Campbell Electric required that Defendant make contributions on behalf of its employees to the Pension Fund in Colorado. (Doc. # 1 at 2; Doc. # 20-2 at 1-2.) Campbell Electric permanently ceased to have an obligation to contribute to the Pension Fund and/or ceased all covered operations in 2015. (Doc. # 1 at 3; Doc. # 20-2 at 2.) This resulted in

Campbell Electric's complete withdrawal from the Pension Fund within the meaning of § 4203(a) of the MPPAA, 29 U.S.C. § 1383(a).  (Doc. # 1 at 3.)

Due to Campbell Electric's complete withdrawal, Campbell Electric incurred and the Pension Fund assessed withdrawal liability against Campbell Electric.  (Doc. # 20-2 at 2.)  On January 13, 2016, the Pension Fund advised Campbell Electric in a letter of its withdrawal liability in the amount of $35,287.76.  (Doc. # 1 at 3; Doc. # 20-2 at 2.)  This letter also provided a payment schedule and demanded payment in accordance with the payment schedule.  (*Id.*)  The first payment under the payment schedule was due within 60 days of the date of the January 13, 2016 letter.  (*Id.*)

Between February 4, 2016 and May 18, 2016, the parties exchanged correspondence concerning the calculation of the withdrawal liability assessment.  (Doc. #1 at 3-4; Doc. # 20-2 at 2-4.)  In a letter on April 6, 2016, the Pension Fund confirmed the employer contribution numbers used to calculate the withdrawal liability assessment.  (Doc. # 1 at 4; Doc. # 20-2 at 3.)  On May 18, 2016, the Pension Fund again confirmed that the numbers used in the actuary's calculation of withdrawal liability were correct and demanded that Campbell Electric cure its failure to begin making withdrawal liability payments according to the schedule set forth in the January 13, 2016 letter.  (Doc. # 1 at 4-5; Doc. # 20-2 at 3-4.)

On June 13, 2016, Campbell Electric made a $5,000.00 payment to the Pension Fund.  (Doc. # 1 at 5; Doc. # 20-2 at 4.)  On June 14, 2016, the Pension Fund sent correspondence to Campbell Electric advising that the payment schedule amount due

was $8,057.31 and demanded remittance of the outstanding remaining balance of the first quarterly payment in the amount of $3,057.34.  (Doc. # 1 at 5; Doc. # 20-2 at 4.)

On June 13, 2016, Campbell Electric sent correspondence to the Pension Fund again requesting that it review the employer contributions used in calculating the withdrawal liability.  (*Id.*)

On June 23, 2016, Campbell Electric remitted a payment of $3,057.34 for the balance of the first quarterly payment under the payment schedule to the Pension Fund.  (*Id.*)

The Pension Fund responded to the June 13, 2016 letter on August 11, 2016.  (Doc. # 1 at 5; Doc. # 20-2 at 4-5.)  The Pension Fund took the position that Campbell Electric's letter of March 9, 2016 (which stated that the contribution figures used by the Pension Fund to calculate the withdrawal liability did not match its own reports) was a request for review.  (*Id.*)  The Pension Fund also took the position that Campbell Electric was liable for the entire withdrawal liability assessment because no arbitration was initiated contesting the withdrawal liability assessment within 60 days from the date of the Pension Fund's letter of April 6, 2016.  (Doc. # 1 at 5-6; Doc. # 20-2 at 5.)

On September 8, 2016, Campbell Electric sent correspondence to the Pension Fund purporting to initiate arbitration.  (Doc. # 1 at 6; Doc. # 20-2 at 5.)  Under Section 4221(a)(1) of the MPPAA, 29 U.S.C. § 1401(a)(1), this attempt to initiate arbitration was untimely.

Campbell Electric did not take any subsequent actions regarding its purported initiation of arbitration.  (*Id.*)  Accordingly, no arbitration proceeding has been initiated

within the time period proscribed by Section 4221(a)(1) of the MPPAA, 29 U.S.C. § 1401(a)(1).

## II.     Legal Analysis

Whether to conduct a hearing to determine damages is discretionary. Fed.R.Civ.P. 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." The Court need not conduct a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Held v. Shelter Sys. Group Corp.,* No. 93–1225, 16 F.3d 416, ––––, 1994 WL 47157, at *1 (10th Cir.1994) (citing *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir.1985)).  When assessing damages, the court must establish the amount that the moving party is entitled to recover.  *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D.Colo. 1984).

The term "default" is defined as a failure of an employer to make any payment, when due, if the failure is not cured within 60 days after the employer receives notification of the default.  29 U.S.C. § 1399(c)(5)(A).  In the event of a default, the plan sponsor may require immediate payment of the outstanding amount of the employer's withdrawal liability.  29 U.S.C. § 1399(c)(5).

An employer's failure to make any withdrawal liability payment within the time period prescribed is to be treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145.  Section 4301(b) of the MPPAA, 29 U.S.C. § 1451(b).

Campbell Electric's failure to make the scheduled withdrawal liability payments entitled the Pension Fund to recover the delinquent withdrawal liability amount, interest, liquidated damages, attorney fees and costs. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

### A.     Withdrawal Liability Assessment under ERISA

The Pension Fund calculated the withdrawal liability of Campbell Electric as $35,287.76. (Doc. # 1 at 3; Doc. # 20-2 at 2-3; Doc. # 20-3 at 2.) Campbell Electric made two payments to the Pension Fund totaling $8,057.34. (Doc. #1 at 6; Doc. # 20-2 at 5)  The Plaintiffs are owed an outstanding withdrawal liability assessment in the amount of $27,230.42. (Doc. # 1 at 6; Doc. # 20-2 at 5.)

### B.     Liquidated Damages

The Plaintiffs are seeking liquidated damages in the amount of $2,723.04 upon the delinquent withdrawal liability. (Doc. # 1 at 7; Doc. # 20-2 at 5-6.) Pursuant to the Pension Fund's Trust Agreement and policies and procedures adopted in accordance therewith, the Pension Fund assesses liquidated damages at the rate of 10% upon any delinquent contributions owed to the Pension Fund. (*Id.*)

### C.     Interest

The Plaintiffs are seeking interest in the amount of $627.30 as of January 31, 2017. (Doc. # 20-2 at 6.) Pursuant to the Pension Fund's Trust Agreement and policies and procedures adopted in accordance therewith, the Pension Fund assess interest at the prime commercial rate plus two percentage points per annum upon untimely and/or unpaid contributions and liquidated damages. (Doc. # 1 at 7; Doc. # 20-2 at 6.) The

Plaintiffs assert that the current commercial prime interest rate is 3.5%. (*Id.*) Thus, the amount of interest should be calculated at 5.5%. (*Id.*)

### D. Attorney Fees and Costs

The Plaintiffs are seeking attorney fees and costs incurred in connection with this litigation. (Doc. #1 at 7; Doc. # 20 at 9; Doc. # 20-1 at 3.) As of January 31, 2017, the Plaintiffs have incurred $3,799.35 in attorney fees. (Doc. # 20 at 9; Doc. # 20-1 at 3.) Counsel for Plaintiffs have billed for 6.7 hours of attorney time, 21.2 hours of paralegal time, and $4.35 in legal research fees. (Doc. # 20-1 at 3.) The attorney time is billed at an hourly rate of $250.00. (*Id.*) The paralegal time is billed at an hourly rate of $100.00. (*Id.*) Plaintiffs are also seeking costs in the amount of $537.50 representing a filing fee of $400.00 for filing this litigation and $137.50 for service of process. (*Id.*) The Court finds that these attorney fees and costs were reasonable and necessary in the preparation and prosecution of this litigation.

## III. Conclusion

In sum, Plaintiffs are entitled to recover the delinquent withdrawal liability amount, interest, liquidated damages, attorney fees and costs from Campbell Electric under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

Accordingly, Plaintiffs' Amended Motion for Default Judgment is granted and it is further ORDERED that:

A. Default Judgment should be entered in favor of Plaintiff Eighth District Electrical Pension Fund in the total amount of $34,917.61, broken down as follows:

      i.       $27,230.42 in withdrawal liability assessment;

      ii.      $2,723.04 in liquidated damages;

      iii.     $627.30 in interest as of January 31, 2017;

      iv.     $3,799.35 in attorney fees as of January 31, 2017; and

      v.      $537.50 in costs.

DATED: March 17, 2017

                          BY THE COURT:

                          _____
                          CHRISTINE M. ARGUELLO
                          United States District Judge